UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
BRETT HARTMAN, :
: CASE NO. 1:02-CV-1336
         Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 89; 93]
DAVID BOBBY, Warden, :
:
         Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      On June 4, 2012, Petitioner Brett Hartman filed a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254; [Doc. 89]. This is the second such motion Hartman has filed. [*See* Doc. 18.] In addition, Hartman petitioned the Sixth Circuit for permission to file a successive habeas petition; the Sixth Circuit denied that request on September 4, 2009. [*See* Doc. 88.]

      In his current motion, Hartman asserts that the state of Ohio withheld testing of exculpatory physical evidence and that a key witness perjured himself at trial. Hartman raised the former argument in his first habeas petition, and he raised the latter issue in his petition to the Sixth Circuit for permission to file a successive habeas petition.

      "[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged," *Magwood v. Patterson*, 130 S.Ct. 2788, 2797 (2010), and Hartman challenges the same state court judgment he challenged in his prior habeas petition—but is not subject to procedural or

1

*Ford* exceptions, *see id.* at 2799, n.11. Moreover, Hartman's petition seeks to raise an issue already rejected on the merits (additional DNA testing), and one deemed inappropriate for a successive petition (perjury). His petition is, therefore, a second or successive one.

"Before a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. 2244(3)(A). *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004); *see also Keith v. Bobby*, 551 F.3d 555, 557 (6th Cir. 2006). Accordingly, Hartman may not file his motion without a certification from the Sixth Circuit Court of Appeals, *see* 28 U.S.C. § 2244(b)(3)(A) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."), which he does not have.

The proper course, then, is to transfer Hartman's motion to that Court. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) ("[W]e hold that when . . . a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .").

Accordingly, the Court **TRANSFERS** Hartman's motion to the Sixth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: July 16, 2012
                                                               s/ *James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE