UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
: 
BRETT HARTMAN, :
: CASE NO. 1:02-CV-1336
Petitioner, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 98]
DAVID BOBBY, Warden, :
:
Respondent. :
:
-------------------------------------------------------

Petitioner Brett Hartman[1/] moves this Court for relief from this Court's January 16, 2003, order denying his petition for a writ of habeas corpus. [Doc. 98.] The government opposes the motion. [Doc. 99.] Because this Court construes Hartman's Federal Rule of Civil Procedure 60(b) motion as a successive habeas petition, Hartman's motion is **DENIED**.

## I. Background

In 1998, a Summit County jury found Hartman guilty of the 1997 murder of Wanda Snipes. The trial court sentenced Hartman to death. The Supreme Court of Ohio upheld Hartman's conviction and sentence on direct appeal. See State v. Hartman, 754 N.E.2d 1150 (Ohio 2001).

With his direct appeal pending, Hartman filed a petition for post conviction relief under Ohio Revised Code § 2953.21. In his petition, Hartman raised a number of claims, including that his trial counsel rendered ineffective assistance during the penalty phase of his trial by failing to adequately present or investigate mitigating evidence (the "mitigation claim"). [Doc. 18-4.] Hartman pointed to the report of psychologist Dr. James Siddal to support his claim. Siddal prepared the report for

---

[1/]The courts and the parties are not consistent in spelling the Petitioner's name. Here we choose to rely on the spelling used by Petitioner's counsel in his Rule 60 motion.

-1-

Case No. 1:02-CV-1336
Gwin, J.

use as mitigating evidence, but it was never introduced at trial.

The state trial court denied Hartman's petition for post-conviction relief. Hartman filed an appeal from this state court denial of post-conviction relief, but missed the filing deadline because neither he nor his attorney received formal notice of the state trial court's order. [Doc. 75 at 9.] Hartman sought leave to file a late appeal. [Doc. 60 at 21.] But Ohio's Ninth District Court of Appeals denied Hartman's motion, dismissed his appeal, and also denied his motion to reconsider. The Supreme Court of Ohio denied leave to appeal and declined to reopen Hartman's direct appeal. [Doc. 60 at 22.]

On January 16, 2003, Hartman petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 18; 18-1.] In his petition, Hartman raised eleven grounds for relief, including the mitigation claim. [Doc. 18-1 at 68-76.]

This Court denied Hartman's § 2254 petition. Specifically, this Court found that Hartman defaulted those portions of his mitigation claim not relating to alcoholism and substance abuse by failing to raise those arguments on direct appeal. [Doc. 60 at 59.] But this Court reached the merits on the alcohol and substance abuse portions of his mitigation claim, finding that Hartman had not shown any evidence of prejudice. [*Id.* at 64.]

On July 17, 2007, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment. [Docs. 75; 76.] But the Sixth Circuit also found that Hartman had not procedurally defaulted those portions of Hartman's mitigation claim not relating to alcoholism and substance abuse. [Doc. 75 at 7-8.]

First, while Hartman had failed to raise the mitigation claim on direct review, the Sixth Circuit found that his failure was excused because the mitigation claim was based on evidence

Case No. 1:02-CV-1336
Gwin, J.

outside of the record and thus "could not otherwise have been properly litigated on direct appeal." [Doc. 75 at 7-8.] Second, while Hartman had failed to timely appeal the state trial court's denial of his post-conviction petition, the Sixth Circuit found "cause" to excuse his default because neither he nor his attorney ever received formal notice of the state trial court's order. [*Id.* at 9.] Thus, because the Sixth Circuit found "cause" to excuse Hartman's default, it proceeded to review Hartman's mitigation claim "*de novo*" and on the "merits." [*Id.*] The Sixth Circuit concluded that Hartman was not entitled to relief on his mitigation claim. [Doc. 75 at 9.]

Hartman now argues that he is entitled to relief from this Court's original denial of his petition because of the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Before *Martinez*, counsel's ineffectiveness in a post-conviction proceeding did not establish cause to excuse procedural default. See *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). But in *Martinez*, the Supreme Court recognized a narrow exception to *Coleman*: "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." See *Martinez*, 132 S. Ct at 1315.

## II. Law and Analysis

"[A] Rule 60(b) motion is a second or successive habeas petition when it 'seeks vindication of' or 'advances' one or more 'claims.'" *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). Such a motion is not a successive habeas petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. The Sixth Circuit clarified *Gonzalez*'s reach when it stated that "[w]hen a 60(b) motion attacks the merits of a conviction or sentence, or if it attacks the federal court's previous resolution of a claim on the

-3-

Case No. 1:02-CV-1336
Gwin, J.

merits, it should be construed as a habeas petition." *United States v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007) (quotation omitted).

A Rule 60 motion is not a successive petition if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532; *see also Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012); *Cook v. Ryan*, 688 F.3d 598, 608 (9th Cir. 2012). In *Adams*, a Texas death row inmate filed a federal habeas petition claiming ineffective assistance of trial counsel. *See* 679 F.3d at 314-15. But the district court held that the petitioner procedurally defaulted this claim. *Id.* at 315. The court stated the petitioner could not demonstrate "cause" to excuse his default under *Coleman v. Thompson*, 501 U.S. 722 (1991) because the ineffectiveness of state habeas counsel did not constitute "cause."[2/] *Id.* After the Supreme Court decided *Martinez*, the petitioner filed a Rule 60 motion seeking relief from the original habeas judgment. *Id.* at 316. The Fifth Circuit found that the petitioner's Rule 60 motion was not a successive petition because he challenged only the district court's determination that his claims were procedurally defaulted. *Id.* at 319.

Hartman argues that his "Rule 60(b) motion is not attempting to set aside [his] state conviction or sentence." [Doc. 98 at 13] Instead Hartman says that the "motion seeks to correct an error in this Court's earlier opinion and order, in light of *Martinez*." [*Id.*] But here, Hartman cannot challenge the Court's determination that he did not have cause to excuse his procedural default because the Sixth Circuit already found cause to excuse his default. [Doc. 75 at 9.] Specifically, the

---

[2/]The United States Court of Appeals for the Fifth Circuit affirmed. *See Adams v. Thaler*, 421 Fed. Appx. 322 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 399 (2011).

Case No. 1:02-CV-1336
Gwin, J.

Sixth Circuit said that "Hartman . . . [had] established cause to excuse the procedural default." [*Id.*] Whatever error in this Court's ruling on cause, the Sixth Circuit corrected. Hartman is not like the petitioner in *Adams* who could not demonstrate cause for his procedural default because of *Coleman*, instead Hartman had cause to excuse his procedural default because of the Sixth Circuit's ruling on his original petition. [*Id.*] Thus Hartman's Rule 60 motion is not merely a challenge to the Court's previous ruling that his mitigation claim was procedurally barred from a merits determination.

Because Hartman had cause to excuse his procedural default, he is merely advancing a claim that will lead to a merits based attack on the prior dismissal of his petition. A Rule 60 motion is a successive petition when it "seeks to advance, through new discovery, claims that the district court previously considered and dismissed . . . on the merits." *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005). "It makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings . . . all that matters is that [the petitioner] is 'seek[ing] vindication of' or 'advanc[ing]' a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition. *Id.* (citations omitted).

Here the Sixth Circuit found "cause" to excuse Hartman's default—and it proceeded to review his mitigation claim on the "merits" and "*de novo*" because of the "absence of a prior state adjudication on the issue." [*Id.*] Hartman seeks to advance his mitigation claim with "evidence arising from [his] youth that would have demonstrated that he was prejudiced by the trial counsel's deficient performance at the penalty phase." [Doc. 98 at 20.] Thus his Rule 60 motion is a advancing a claim that will lead to a merits based attack on this Court's prior dismissal of his habeas petition.

-5-

Case No. 1:02-CV-1336
Gwin, J.

Hartman's Rule 60 motion is a successive petition because he is not challenging a defect in the habeas proceedings—indeed the Sixth Circuit agreed that he has established cause—and because he is advancing a claim that will lead to a merits based attack on the prior dismissal of his habeas petition. "Before a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). *See* In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); *see also* Keith v. Bobby, 551 F.3d 555, 557 (6th Cir. 2006). Accordingly, Hartman may not file his motion without a certification from the Sixth Circuit, *see* 28 U.S.C. § 2244(b)(3)(A) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."), which he does not have. The proper course, then, is to transfer Hartman's motion to that Court. *See* In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

This Court recognizes that Hartman shows meaningful evidence that could have been used to mitigate his crime. And the Court of Appeals may wish to consider this late evidence. However, under AEDPA, this Court does not have jurisdiction to consider Hartman's argument.

### III. Conclusion

For the reasons above, the Court **DENIES** Hartman's Rule 60(b) motion because it is effectively a successive petition for federal habeas corpus relief. Accordingly, the Court **TRANSFERS** Hartman's motion to the Sixth Circuit.

IT IS SO ORDERED.

Dated: October 25, 2012      s/ *James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE